The opinion of the court was delivered by
Spencer, J.
The assignees of the Southern Life Insurance Company caused the Shreveport University to be seized under &fi. fa. issued under a judgment for $22,500, in favor of said Insurance Company, which judgment recognized a special mortgage on said property.'
The plaintiff Yan Loan asks to enjoin that sale, on the ground that he has a superior lien and privilege on the property seized, as contractor and builder.
This allegation was no ground for injunction, which was of course wrongfully ordered to issue. His remedy was third opposition. He had no right to prevent the sale. This is elementary.
It appears that Yan Loan entered into a contract with the corporation known as the Shreveport University, on the éth day of December, 1872, whereby he agreed to make certain buildings on the property seized. He did the work, but never recorded his contract, which was one for several thousands of dollars. A few days after this contract, the Southern Life Insurance Company made a loan of money to the University Company, taking special mortgage to secure it on the property in question. A short time after, two other loans were made, secured by mortgage also. All these mortgages were duly recorded, The constitution of 1868 provides (Art. 123), “No mortgage or privilege shall hereafter affect third parties, unless recorded in the parish where the property to be affected is situated.” This provision has been carried into the Code of 1870, in even more emphatic terms, if possible.
The only question, therefore, open to controversy in this case is, Was the Southern Life Insurance Company of Memphis, Tenn., a third person ? The Civil Code, Art. 3556, No. 32, defines third persons, “ with respect to a contract or judgment,” as “ all who are not parties to it.” There is no pretense that the Insurance Company was a party to this building contract. It is said that Judge Egan, who acted as agent of the company under a special authority to accept the mortgage, must have *1214 known of this building contract, because the notary before whom it was passed was his law partner. Even if actual notice in such cases be equivalent to registry, this fact does not prove that notice, or that the Insurance Company was privy to it. No more does the asserted fact that Rev. Mr. Drain, who was the agent of the Insurance Company in negotiating this loan, knew or supposed that the money was to be used in building on the property. This belief or supposition would have rather led him to conclude there would be no builder’s lien, since the money was being provided to pay for the work. It is not stated iú the act of mortgage that such was the purpose of the loan.
The judgment below rejected plaintiff’s claim for priority, and recognized defendant’s mortgages as first in rank, but awarded no damages for the wrongful suing out of the injunction. We are asked to amend the judgment by allowing damages. We find in the record a petition, order, and bond for injunction, but no writ. Under these facts we decline to allow damages, as it may be that no writ issued.
Judgment appealed from is affirmed at cost of appellant.